## COLLINS v. THE CITY OF DUBUQUE.

*Appeal from Dubuque District Court — Thursday, July 28.*

PRESUMPTIONS IN FAVOR OF RULING BELOW.

ACTION to recover compensation for the value of certain work in grading, macadamizing and paving a certain street in the city of Dubuque, under a verbal contract with the city authorities. Trial to a jury and verdict and judgment for plaintiff. Defendant appeals.

*E. McCeney* for the appellant — *Griffith & Knight* for the appellee.

BECK, J.— The error complained of is the refusal of the court to give two instructions to the jury upon defendant's motion. The record is silent as to the instructions given. We are required to exercise presumption in favor of the correctness of the ruling of the court below. If the instructions refused were unobjectionable, it would not appear affirmatively from the record that the court erred in not giving them, for we would be unable to say that the same points were not covered by other instructions, and these, therefore, properly refused.

But it appears affirmatively, from the first instruction itself, that it was properly refused. It holds, that, if the contract sued on is substantially different from the requirements of the ordinance of the city directing the manner of contracting for street improvements, it must be governed by the record of the proceedings of the city council. The contract, if authorized and valid, may be established by other evidence than that limited in the instruction.

The other instruction refused by the court is to the effect, that, if the work done by plaintiff was upon a contract made under the ordinance whereby the expense was to be assessed upon abutting lots, and a tax had been levied upon such lots to pay the expense of the improvement, the city is not liable to plaintiff even though the tax has not been collected. Without determining whether this instruction in a proper case should have been given, the presumption in favor of the correctness of the ruling of the court in refusing it is sustained by the

special verdict, which finds, that, under the contract with the city, the plaintiff was not to look to the abutting property for payment. In that state of facts the instruction is inapplicable and irrelevant, and was, for that reason, properly refused.

Affirmed.